UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| NICHOLAS A. GLADU, )<br>    )<br>    Plaintiff )<br>    )<br>    v. )     2:15-cv-00274-DBH<br>    )<br>TROY ROSS, et als. )<br>    )<br>    Defendants ) | |

**MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Pursuant to F. R. Civ. P., Rule 12(b)(6), defendant Troy Ross hereby moves to dismiss the complaint as to him.  As grounds for this motion, defendant asserts that the complaint fails to state a claim upon which relief can be granted.  Specifically, on the facts alleged in the complaint, liability cannot be imposed on defendant Ross for the violation of plaintiff's constitutional rights allegedly committed by defendant's subordinate.

**Memorandum in Support of Motion**

**Facts**

The facts alleged in the complaint may be summarized as follows:

Plaintiff Nicholas Gladu is a prisoner in the custody of the Maine Department of Corrections.  At the time of the incident that forms the basis of his complaint, Gladu was incarcerated in the Special Management Unit at the Maine State Prison (MSP).  Defendant Troy Ross is a deputy warden at the prison who is "…responsible for the provision of training and supervision of all correctional staff at MSP." *Complaint ¶ 5.*

On June 28, 2014, Gladu got into a confrontation with defendant corrections officer John Doe.[1]  Doe pounded on Gladu's cell door, screaming at him to take down a piece of paper that was partially obscuring Gladu's window.  Some time later, Doe was assisting in distributing writing materials to the SMU prisoners.  Gladu alleges that Doe became belligerent when Gladu declined to remove his hands from the tray slot while awaiting some envelopes.  "Without warning," Doe "violently and repeatedly" smashed Gladu's hand with the steel tray slot hatch, causing injury to Gladu's hand.  *Complaint, ¶ 26.*

Gladu's only allegation as to Ross is contained in Paragraph 40 of the Complaint:

> The failure of defendant Deputy Warden Ross to adequately train, instruct, and supervise defendant Doe , or promulgate policies to guide subordinates' conduct, constituted deliberate indifference to the plaintiff's and other prisoners' safety, and contributed to and proximately caused the above-described violation of Eighth Amendment rights and assault and battery.

The suit is brought under 42 U.S.C. § 1983, claiming excessive use of force in violation of the Eighth Amendment's proscription of cruel and unusual punishment.  Gladu seeks a declaratory judgment that his rights were violated as well as compensatory and punitive damages from both defendants.

**Argument**

**The facts alleged in the complaint fail to state a claim as to defendant Ross.**

It is "undisputed" that liability under 42 U.S.C. § 1983 cannot be established solely on a theory of *respondeat superior*.  *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009).  "Absent vicarious liability, each Government official his or her title notwithstanding, is only liable for his or her own misconduct."  *Id.*  In assessing whether a complaint adequately makes out a claim of supervisory liability, the court must disregard mere legal conclusions and accept as true only

---

[1] Gladu alleges that he does not know John Doe's real name.  *Complaint, ¶ 4.*

well- pleaded facts.  *Sanchez v. Pereira-Castillo*, 590 F. 3d 31, 49 (1st Cir. 2009).  Dismissal of supervisory defendants is appropriate where the complaint "…does little more than assert a legal conclusion about the involvement of the administrative defendants in the underlying constitutional violation." *Id.*  Rather, the facts alleged must demonstrate an affirmative link between the behavior of the subordinate and the actions of the supervisor, such that the supervisor's conduct led inexorably to the subordinate's violation.  *Feliciano-Hernandez v. Pereira-Castillo*, 663 F. 3d 527, 534 (1st Cir. 2011).  Thus, conclusory allegations that a supervisory official failed to assure adequate monitoring, discipline, training and supervision, even when coupled with an allegation that such failure was done with deliberate indifference or reckless disregard of the plaintiff's rights, are not sufficient to withstand dismissal.  *Id.;* c.*f.*, *Hernandez v. Castillo,* 2010 WL 3372527, *9 (D.P.R.), *aff'd.,* 663 F. 3d 527 (complaint dismissed where it parroted supervisory standards with little or no factual enhancement tying defendant to plaintiff's constitutional injury.)

     In this case, there is no allegation that defendant Ross was involved in the alleged excessive use of force by defendant Doe or that Ross had any knowledge that Doe would engage in the conduct alleged.  While plaintiff alleges in conclusory fashion that Ross failed adequately to train and supervise his subordinates or promulgate guidance for them, he does not allege any *facts* that demonstrate how these alleged failures led inexorably to Doe's assault on the plaintiff.

**Conclusion**

Because the complaint fails to allege any facts from which it can be concluded that defendant Ross is liable for the alleged constitutional tort of defendant Doe, this court should dismiss the complaint as to defendant Ross.

August 28, 2015 /s/ James E. Fortin
James E. Fortin
Assistant Attorney General
James.Fortin@maine.gov

Office of the Attorney General
Six State House Station
Augusta, ME 04333
626-8800

Certificate of Service

The undersigned hereby certifies that he electronically filed the above document with the Clerk of Court using the CM/ECF system, which will serve a copy on all counsel of record, and that he mailed a copy, postage paid, to the plaintiff at the following address:

Nicholas Gladu
Maine Correctional Center
17 Mallison Falls Road
Windham, ME 04062

August 28, 2015 /s/ James E. Fortin
James E. Fortin
Assistant Attorney General