## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

| | |
|---|---|
| **NICHOLAS A. GLADU,** | ) |
| | ) |
|     **Plaintiff** | ) |
| | ) |
|     v. | )     Civil No. 2:15-cv-00274-DBH |
| | ) |
| **Troy Ross, et al.** | ) |
| | ) |
|     **Defendants** | ) |

### ANSWER OF DEFENDANT CHRISTOPHER GOWEN

Now Comes the Defendant Christopher Gowen ("Defendant"), by and through his undersigned counsel, and answers the Complaint of the Plaintiff as follows:

### COUNT I

1. Paragraph 1 of the Plaintiff's Complaint states a legal conclusion to which no response is required.

2. Paragraph 2 of the Plaintiff's Complaint states a legal conclusion to which no response is required.

3. Defendant is without knowledge sufficient to respond to the allegations contained in Paragraph 3 of Plaintiff's Complaint and therefore denies the same.

4. Defendant admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. The allegations contained in Paragraph 5 of Plaintiff's Complaint do not refer to the Defendant so no response is required. To the extent a response is required the Defendant denies the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Defendant (referred to as "John Doe" in Plaintiff's Complaint) admits the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Paragraph 7 of Plaintiff's Complaint states a legal conclusion to which no response is necessary

8. Defendant is without knowledge sufficient to respond to the allegations contained in Paragraph 8 of Plaintiff's Complaint and therefore denies the same.

9. Defendant is without knowledge sufficient to respond to the allegations contained in Paragraph 9 of Plaintiff's Complaint and therefore denies the same.

10. Defendant admits the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Defendant denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Defendant is without knowledge sufficient to respond to the allegations contained in Paragraph 13 of Plaintiff's Complaint and therefore denies the same.

14. Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Defendant admits the allegations contained in Paragraph 17 of Plaintiff's Complaint, except he denies that he was "training" another officer.

18. Defendant admits the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.  Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.  Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.  Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.  Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.  Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.  Defendant denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.  Defendant is without  knowledge sufficient to respond to the allegations contained in Paragraph 32 of Plaintiff's Complaint and therefore denies the same.

33.  Defendant is without knowledge sufficient to respond to the allegations contained in Paragraph 33 of Plaintiff's Complaint and therefore denies the same.

34. Defendant is without knowledge sufficient to respond to the allegations contained in Paragraph 34 of Plaintiff's Complaint and therefore denies the same.

35. Defendant is without knowledge sufficient to respond to the allegations contained in Paragraph 35 of Plaintiff's Complaint and therefore denies the same.

36. Defendant denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41. Defendant is without knowledge sufficient to respond to the allegations contained in Paragraph 41 of Plaintiff's Complaint and therefore denies the same.

**WHEREFORE,** Defendant requests that judgment be entered in his favor on Plaintiff's Complaint and that he be awarded his costs.

**AND FURTHER ANSWERING**, Defendant states:

1. The Plaintiff's Complaint fails to state a cause of action against the Defendant and should be dismissed.

2. Defendant did not violate any federal or state constitutional rights of the Plaintiff.

3. To the extent Plaintiff brings any claims against Defendant in his official capacity, Plaintiff's claims are barred by constitutional immunity.

4. To the extent Plaintiff brings any claims against Defendant in his individual capacity, Plaintiff's claims are barred by the doctrine of qualified immunity.

5. Plaintiff's claims under state law are barred by the absolute immunity afforded Defendant under the Maine Tort Claims Act.

6. Plaintiff's claim against Defendant for punitive damages is barred by the prospective relief provisions of the Prison Litigation Reform Act.

7. Plaintiff's claim for damages is barred by the provisions of the Prison Litigation Reform Act.

Dated this 16th day of November, 2015                             /s/ Martin J. Ridge, Esq._____
                                                                                         Martin J. Ridge, Bar No. 1422

Beagle Steeves & Ridge, LLC
26 City Center
P.O. Box 7044
Portland, ME 04112-7044
(207) 773-1751
mjr@beagleridge.com
Attorneys for Defendant Christopher Gowen

5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | | |
|---|---|---|
| **NICHOLAS A. GLADU,** | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil No. 2:15-cv-00274-DBH |
| | ) | |
| **Troy Ross, et al.** | ) | |
| | ) | |
| Defendants | ) | |

## CERTIFICATION OF SERVICE

I hereby certify that on November 16, 2015, a true copy of my *Answer of Defendant Christopher Gowen* on behalf of Defendant, Christopher Gowen was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) as follows:

James.Fortin@Maine.gov

Notice had been delivered by other means, i.e. regular mail, to:

NICHOLAS A. GLADU
21853
MAINE CORRECTIONAL CENTER
17 MALLISON FALLS RD.
WINDHAM, MAINE 04082

Dated:  November 16, 2015                    By:    /s/Martin J. Ridge
                                                    Martin J. Ridge, Esq.
                                                    Maine Bar No. 1422

Beagle Steeves & Ridge, LLC
26 City Center
P.O. Box 7044
Portland, ME 04112-7044
(207) 773-1751
mjr@beagleridge.com
Attorneys for Defendant Christopher Gowen

6