UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| NICHOLAS A. GLADU, | ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | 2:15-cv-00274-DBH |
| TROY ROSS, et al. | ) ) ) | |
| Defendants | ) | |

**MOTION FOR SUMMARY JUDGMENT**

Pursuant to F. R. Civ. P., Rule 56(b), defendant Troy Ross hereby moves for summary judgment.  As grounds for this motion, defendant states that there is no dispute as to any material fact and that defendant is entitled to judgment as a matter of law.  Specifically, defendant states that, in his recommended decision on defendant's motion to dismiss, the magistrate judge ruled that the allegations of the complaint were sufficient to state a claim that defendant Ross failed to provide adequate training to defendant Gowen;  that defendant Ross has now come forward with evidence that it was not part of Ross's job duties to provide training to new corrections officers; and that defendant Gowen in fact received new officer and in-service training in the use of force.

**Memorandum in Support of Motion**

**Facts and Procedural Background**

The following recitation is based on the facts alleged in the complaint as well as the facts set forth in the affidavits of Troy Ross and Angie Newhouse.

Plaintiff Nicholas Gladu is a prisoner in the custody of the Maine Department of Corrections.  At the time of the incident that forms the basis of his complaint, Gladu was incarcerated in the Special Management Unit at the Maine State Prison (MSP).

On June 28, 2014, Gladu got into a confrontation with defendant corrections officer Christopher Gowen.[1]  Gowen pounded on Gladu's cell door, screaming at him to take down a piece of paper that was partially obscuring Gladu's window.  Some time later, Gowen was assisting in distributing writing materials to the SMU prisoners.  Gladu alleges that Gowen became belligerent when Gladu declined to remove his hands from the tray slot while awaiting some envelopes.  "Without warning," Gowen "violently and repeatedly" smashed Gladu's hand with the steel tray slot hatch, causing injury to Gladu's hand.  *Complaint, ¶ 26.*

Defendant Troy Ross is a deputy warden at the prison.  Gladu alleges that Ross is "…responsible for the provision of training and supervision of all correctional staff at MSP." *Complaint ¶ 5.*  Gladu's only other allegation as to Ross is contained in Paragraph 40 of the Complaint:

> The failure of defendant Deputy Warden Ross to adequately train, instruct, and supervise defendant Doe , or promulgate policies to guide subordinates' conduct, constituted deliberate indifference to the plaintiff's and other prisoners' safety, and contributed to and proximately caused the above-described violation of Eighth Amendment rights and assault and battery.

In a subsequent filing, Gladu also alleged that, after the incident, Gowen "…admitted to another officer that he wasn't familiar with the use of force policy at all."

Defendant moved to dismiss on the grounds that the conclusory allegations that defendant Ross failed adequately to train, instruct and supervise Gowen were insufficient to make out a case of supervisory liability for a constitutional violation.  In a recommended decision, the magistrate judge found that the facts alleged in the complaint and subsequent filing were

---

[1] Gowen was recently substituted as a defendant for a "John Doe" officer.

2

sufficient to withstand defendant's motion to dismiss. The court based its decision on a narrow (and largely hypothetical) exception to the usual requirement that plaintiff alleging a supervisor's liability for failure to train a subordinate must show a pattern of similar constitutional violations by subordinates sufficient to demonstrate deliberate indifference, where the supervisor fails to provide *any* training despite knowledge that his subordinates will be confronted with situations that require such training. *Recommended Decision,* pp. 4-5.[2] The hypothetical exception is posited in a footnote in *City of Canton v. Harris*, 478 U.S. 378, 390, f.n. 10.

The summary judgment record shows that, as deputy warden of the Maine State Prison, defendant Ross is generally responsible for assisting the warden in directing and overseeing the operation of the prison and supervising and managing the security staff. It is not part of his duties, however, to train new officers or to provide in-service training to current employees. New officers must satisfactorily complete a certification course taught at the Criminal Justice Academy, which includes an eight-hour segment on use of force, before they are assigned to work in security at a correctional facility. Relying on this departmental policy, Ross assumes that any officer assigned to work at MSP has received the training necessary to do so. Gowen in fact completed the certification course, including the use of force training, as well as an in-service self-study unit on this topic.

## Argument

**The facts established in the record demonstrate that the narrow exception in *Harris* for failure to provide *any* training is not applicable in this case.**

As stated above, the only basis cited by the magistrate judge for keeping defendant Ross in this case was the possibility that he was responsible for training Gowen and failed to provide

---

[2] The recommended decision to deny Ross's motion to dismiss has now been adopted by the court.

*any* training in proper use of force.  The facts now introduced in the summary judgment record negate these allegations and make it clear that defendant Ross cannot be held liable to the plaintiff on plaintiff's failure-to-train claim.

## Conclusion

For these reasons, defendant Ross asks that he be granted summary judgment.

December 2, 2015                                  __/s/  James E. Fortin___
                                                  James E. Fortin
                                                  Assistant Attorney General
                                                  James.Fortin@maine.gov


Office of the Attorney General
Six State House Station
Augusta, ME 04333
626-8800Certificate of Service


## NOTICE

Plaintiff's attention is directed to Local Rule 56(c), which requires that a party opposing a motion for summary judgment shall submit with its opposition a separate, short, and concise statement of material facts. The opposing statement shall admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts in conformance with the requirements of Local Rule 56(c). Facts contained in the moving party's statement of material facts may be deemed admitted unless properly controverted.

4

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that he electronically filed the above document with the Clerk of Court using the CM/ECF system, which will serve a copy on all counsel of record, and that he mailed a copy, postage paid, to the plaintiff at the following address:

Nicholas Gladu
Maine Correctional Center
17 Mallison Falls Road
Windham, ME 04062

December 2, 2015                                            /s/ James E. Fortin
                                                                                   James E. Fortin
                                                                                  Assistant Attorney General