UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| NICHOLAS A. GLADU, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:15-cv-00274-DBH |
| | ) | |
| TROY ROSS, et al., | ) | |
| | ) | |
| Defendants | ) | |

**ORDER ON PLAINTIFF'S MOTION TO APPOINT EXPERT WITNESS**

In this action, Plaintiff Nicholas Gladu, an inmate at the Maine Correctional Center, alleges that he was assaulted by a corrections officer while he was assigned to the Maine State Prison.  Plaintiff was previously granted permission to proceed in forma pauperis. (ECF No. 6.)  The matter is before the Court on Plaintiff's Motion to Appoint Medical Expert. (ECF No. 35.)  Through his motion, Plaintiff requests an order permitting him, at Defendants' expense, to consult a neurologist for the evaluation of symptoms he allegedly suffers as a result of an injury to his hand, which injury Plaintiff contends was caused by the assault.

Preliminarily, the Court does not have authority to appoint an expert witness under 28 U.S.C. § 1915 (the in forma pauperis statute).  *Pedraza v. Jones*, 71 F.3d 194, 196 (5th Cir. 1995); *Boring v. Kozakiewicz,* 833 F.2d 468, 474 (3d Cir. 1987), *cert. denied,* 485 U.S. 991 (1988).  Perhaps recognizing this fact, Plaintiff relies upon Federal Rule of Evidence 706 in support of his request.

Rule 706 authorizes the court to "order the parties to show cause why expert witnesses should not be appointed" and to "appoint someone who consents to act" in that capacity.  Fed. R. Evid. 706(a).  In a civil case, the court may require the parties to compensate the expert "in the

proportion and at the time that the court directs," with the cost being charged like other costs at the conclusion of the case. Fed. R. Evid. 706(c)(2). A court has "broad discretion" when determining whether to appoint an expert witness. *Stones v. McDonald,* 7 F. Supp. 3d 422, 431 (D. Del. 2014)

Ordinarily, Rule 706 is employed by courts to appoint an independent, or neutral expert. *See*, *e.g.*, *id.* at 431 − 32; *Griffin v. Hillsborough Cnty. Dep't of Corr.*, No. 1:13-CV-00539-SM, 2015 WL 3970291, at *3 (D.N.H. June 30, 2015). Appointment of an expert is the exception rather than the rule. Particularly in the context of in forma pauperis prisoner litigation, courts should appoint an expert sparingly given the considerable expense that would otherwise be imposed on governmental defendants due to the volume of such cases. *Ezzard v. Ajibade*, No. 3:14-cv-00141, 2015 WL 5838494, at *1 (S.D. Ga. Oct. 5, 2015); *Thomas v. Antipov*, No. 2:11-cv-01138, 2013 WL 6086765, at *3 (E.D. Cal. Nov. 19, 2013).

Several factors militate against the appointment of an expert in this case. First, Plaintiff seeks a court-appointed expert to support his damages claim. From Plaintiff's perspective, therefore, the expert is not necessarily intended to serve as a neutral expert. In addition, insofar as the expert would not address the liability issue, the expert is not essential to Plaintiff's claim.[1] Furthermore, Plaintiff could present his damage case without an expert. While he could not testify as to a medical diagnosis, he could describe his symptoms and the impact of the injury.

In short, the Court is not convinced that the appointment of an expert is warranted in this case. The Court, therefore, denies Plaintiff's Motion to Appoint Medical Expert. (ECF No. 35.)

---

[1] Even when the issue on which expert testimony is sought is dispositive of a claim, a court may deny a motion to appoint an expert. *Swan v. United States*, 738 F. Supp. 2d 203, 206 (D. Mass. 2010).

CERTIFICATE

Any objections to this Order shall be filed in accordance with Fed. R. Civ. P. 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 5th day of January, 2016.