UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| NICHOLAS A. GLADU, | ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | 2:15-cv-00274-DBH |
| TROY ROSS, et al., | ) ) ) | |
| Defendants | ) | |

**RECOMMENDED DECISION ON MOTION FOR SUMMARY JUDGMENT**

In this action, Plaintiff Nicholas Gladu, an inmate at the Maine Correctional Center, alleges that he was assaulted by a corrections officer while he was assigned to the Maine State Prison. Plaintiff joined as defendants two corrections officers: Defendant Christopher Gowen, who allegedly committed the assault, and Defendant Troy Ross, who was Defendant Gowen's supervisor.

In response to Plaintiff's complaint, Defendant Ross filed a motion to dismiss. The Court concluded that Plaintiff had asserted a claim based on Defendant Ross's alleged failure to train Defendant Gowen, and thus denied the motion to dismiss. Defendant Ross now seeks summary judgment on the claim against him. (Motion for Summary Judgment, ECF No. 38.)

Plaintiff did not file a response to the motion for summary judgment, or to the statement of material facts Defendant filed in support of the motion. Pursuant to Local Rule 7(b), a party is expected to file an objection to a motion if the party contests the motion, and unless the party files an objection, the party is "deemed to have waived objection." In addition, a party seeking to oppose a properly filed and supported motion for summary judgment must file an opposing statement of material facts that admits, denies, or qualifies the factual statements made by the

moving party. D. Me. Loc. R. 56(c). Unless a statement is admitted, the opposing party must provide a citation to evidence of record that supports the opposing statement. *Id.* If a party fails to do so, the moving party's factual statements "shall be deemed admitted." D. Me. Loc. R. 56(f).

Consistent with the lack of a response to the motion for summary judgment, during a telephonic hearing on July 8, 2016, Plaintiff represented that he did not oppose Defendant's request for summary judgment on the "failure to train" issue. Plaintiff, however, reiterated his desire to amend his complaint to assert a separate claim against Defendant Ross.

To establish deliberate indifference, which is necessary for Plaintiff to sustain a constitutional claim against Defendant Ross on the failure to train issue, Plaintiff must demonstrate that Defendant Ross "supervise[d], train[ed], or hire[d] a subordinate with deliberate indifference toward the possibility that deficient performance of the task eventually may contribute to a civil rights deprivation.'" *Sanchez v. Pereira-Castillo*, 590 F.3d 31, 49 (1st Cir. 2009) (quoting *Camilo–Robles v. Zapata,* 175 F.3d 41, 44 (1st Cir. 1999)). The summary judgment record establishes (1) that Defendant Ross was not responsible for the training of corrections officers, (2) that training on the proper use of force is provided by the Department of Corrections' Director of Training as part of the training administered at the Maine Criminal Justice Academy, and (3) that Defendant Gowen successfully completed the eight hours of instruction on the use of excessive force before the alleged incident. (Defendant's Statement of Material Facts, ¶¶ 1 – 4, ECF No. 39.)

Given that the uncontroverted evidence establishes that Defendant Ross was not responsible for and not otherwise involved in training Defendant Gowen in the use of force, and given Plaintiff's lack of objection to Defendant Ross's motion for summary judgment, Defendant

Ross is entitled to summary judgment on Plaintiff's claim based on the alleged "failure to train."

Accordingly, I recommend the Court grant Defendant Ross's motion for summary judgment.[1]

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 11th day of July, 2016.

---

[1] If the Court adopts the recommendation, although judgment would be entered in favor of Defendant Ross on the "failure to train" issue and despite the fact that Plaintiff has not yet alleged another claim against Defendant Ross, Defendant Ross has agreed to remain a party to the litigation because Plaintiff may seek leave to amend his complaint to state a separate cause of action against Defendant Ross.  By separate order, I have set July 29, 2016, as the date by which Plaintiff must seek to amend his complaint.  Defendant Ross has further agreed that he would not cite this Court's ruling on the motion for summary judgment as a bar to Plaintiff's ability to assert a separate claim against Defendant Ross should the Court otherwise be inclined to grant Plaintiff leave to amend his complaint.