UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| NICHOLAS A. GLADU, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 2:15-cv-00274-DBH |
| TROY ROSS, et al., | ) ) ) | |
| Defendants. | ) | |

**ORDER ON MOTION FOR STAY AND SANCTIONS (ECF NO. 104)**

In this action, Plaintiff Nicholas Gladu, an inmate at the Maine Correctional Center, alleges that he was assaulted by Defendant Christopher Gowen, a corrections officer, while Plaintiff was assigned to the Maine State Prison.

The matter is before the Court on Plaintiff's Motion to Stay (ECF No. 104), through which motion Plaintiff asks the Court to stay the proceedings indefinitely and impose sanctions on Defendants for alleged misconduct. Plaintiff's motion is denied.

**BACKGROUND**

In his complaint, Plaintiff alleged that while he was assigned to the Maine State Prison, a John Doe prison guard, since identified as Defendant Christopher Gowen, repeatedly and purposefully, with "immense force," slammed the steel hatch of the tray slot on Plaintiff's cell door into Plaintiff's hand, causing a significant injury. (Complaint ¶¶ 26 – 27, 36; Motion to Substitute Party, ECF No. 25 (substituting Defendant Gowen for the John Doe defendant named in the complaint); Order Granting Motion to Substitute, ECF No. 27.) Plaintiff also asserted a claim against Defendant Troy Ross, then Deputy Warden of the Maine State Prison, for the failure to train Defendant Gowen. (Complaint ¶¶ 5, 40.)

On August 10, 2016, the Court granted Defendant Ross summary judgment on Plaintiff's failure to train claim. (ECF No. 97.) Defendant Ross, however, agreed to remain a party to the litigation because Plaintiff expressed his intent to amend the complaint to assert a different claim against Defendant Ross. The Court established July 29, 2016, as the deadline by which Plaintiff could file a motion to amend his complaint. (July 11, 2016, Report and Recommended Decision at 3 n.1, ECF No. 94.)

In support of his motion for stay, under penalty of perjury, Plaintiff asserts that he prepared an amended complaint, sealed it in an envelope addressed to this court, and delivered it to the Maine Correctional Center Business Office on July 29, 2016. (Motion ¶ 2.) The Court's docket does not include the amended complaint. According to Plaintiff, he did not retain a copy because he cannot obtain photocopies at the Maine Correctional Center. (*Id.*)

Plaintiff requests that a stay of proceedings be entered "[u]ntil measures are put in place to ensure proper handling of [his] mail." (*Id.* ¶ 5.) Plaintiff believes the disappearance of his amended complaint was the product of an intentional effort to burden him with more legal work and to frustrate his efforts. (*Id.* ¶¶ 8 – 9.) In addition to a stay of proceedings, Plaintiff requests that the Court sanction Defendant Ross "if it is found that intentional interference has occurred." (*Id.* ¶ 13.)

Defendant Ross opposes the motion for a stay and suggests that the Court provide Plaintiff with an additional 21 days to prepare and file a motion to amend his complaint. Defendant Ross's counsel, an Assistant Attorney General, reports there is a record of an inmate money transfer authorization dated July 29, 2016, which record demonstrates that Plaintiff requested postage on July 29 for three mailings, including one to the United States District Court. (Opposition at 2, ECF No. 110.) The mail room at the Maine Correctional Center, however, does not maintain a record

or log of outgoing mail. (*Id.*) The Department of Corrections, therefore, can neither contradict nor confirm Plaintiff's assertion that he mailed the amended complaint. (*Id.*)

## DISCUSSION

"[F]ederal courts possess the inherent power to stay proceedings for prudential reasons." *Microfinancial, Inc. v. Premier Holidays Int'l, Inc.*, 385 F.3d 72, 77 (1st Cir. 2004). When evaluating a request for a stay, courts will consider a plaintiff's interest in proceeding expeditiously, any hardship to the defendant that would result from a stay, the convenience of the court, and any third party or public interest that might exist. *Id.* at 78.

A grant of a stay in this matter would not serve Plaintiff's interest in proceeding expeditiously, Defendant's interest in resolving Plaintiff's claim, the Court's interest in efficiently managing this case, or any public interest. Simply stated, none of the relevant factors supports Plaintiff's request for a stay. Given that Plaintiff appears to have attempted to file an amended complaint in accordance with the Court's prior order, Plaintiff will be afforded additional time to file a motion to amend the complaint.

Finally, Plaintiff's request that the Court sanction Defendant is without support on the record. That is, the record lacks any evidence to suggest that Defendant Ross or anyone associated with the Defendants interfered with Plaintiff's attempt to file an amended complaint.

## CONCLUSION

Based on the foregoing analysis, Plaintiff's motion for stay and his request for sanctions are denied. Plaintiff may file a motion to amend his complaint to assert a claim against Defendant Ross, together with a proposed amended complaint, on or before November 21, 2016.

## NOTICE

Any objections to this Order shall be filed in accordance with Fed. R. Civ. P. 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 31st day of October, 2016.