UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| NICHOLAS A. GLADU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  2:15-cv-00274-DBH |
| | ) |
| TROY ROSS, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDED DECISION ON MOTION TO AMEND**

In this action, Plaintiff Nicholas Gladu, an inmate at the Maine Correctional Center, alleges that he was assaulted by a corrections officer while he was assigned to the Maine State Prison. The matter is before the Court on Plaintiff's Motion to Amend. (ECF No. 131.) In support of his motion, Plaintiff filed a Proposed Amended Complaint. (ECF No. 129.)

Following a review of the motion, and after consideration of the parties' written arguments, I recommend the Court grant in part and deny in part the motion.[1]

**PROCEDURAL BACKGROUND**

In his original complaint, Plaintiff alleged he was assaulted by a corrections officer, Defendant Gowen. (Complaint, ECF No. 1.) Defendant Troy Ross moved to dismiss Plaintiff's complaint citing the absence of any factual allegations that would support a finding that he was involved in the incident, or that he had any knowledge Defendant

---

[1] Although a motion to amend is within the magistrate judge's authority, *Maurice v. State Farm Mut. Auto. Ins. Co.*, 235 F.3d 7, 9 n.2 (1st Cir. 2000), because the recommendation is based on the futility of the claims, and because the recommendation, if adopted, could be dispositive of Plaintiff's claims against certain defendants, I determined that a recommended decision was appropriate.

Gowen would assault Plaintiff. Additionally, Defendant Ross argued that Plaintiff's assertions regarding the failure to train were conclusory. (ECF No. 16 at 3.) The Court concluded Plaintiff's allegations regarding the claim based on a failure to train were sufficient to state a plausible claim. (Order, ECF No. 37; Recommended Decision, ECF No. 29.)

On December 2, 2015, Defendant Ross filed a motion for summary judgment. In support of the motion, Defendant Ross provided record evidence that he was not responsible for training corrections officers and that Defendant Gowen received the standard use of force training provided to corrections officers. (Motion for Summary Judgment, ECF No. 38; Statement of Material Facts, ECF No. 39.) Because discovery had not yet been completed, upon Plaintiff's request pursuant to Federal Rule of Civil Procedure 56(d), the Court permitted Plaintiff the opportunity to identify the discovery he believed would be necessary to respond to the summary judgment motion. (Report of Conference and Order, ECF No. 42.)

Plaintiff subsequently expressed his intention "to demonstrate an affirmative link between the behaviors of Defendant Gowen and the inactions of Defendant Ross." (ECF No. 44-1.) Plaintiff, however, did not identify any specific discovery initiatives he believed were necessary. In an order dated January 4, 2016, the Court noted that in connection with Plaintiff's Rule 56(d) request, Plaintiff must make an actual proffer regarding the discovery he wished to conduct, and granted Plaintiff a further opportunity to make the proffer. (ECF No. 47.) Plaintiff supplemented his request for discovery on January 25, 2016. (ECF No. 49.) Based on Plaintiff's supplemental request, the Court ordered Defendant Ross to

provide Plaintiff with copies of documents regarding complaints made about Defendant Gowen's use of excessive force, and to provide Plaintiff with copies of documents regarding the training Defendant Gowen received in connection with his employment.[2] (ECF No. 65 at 2.)  The Court also established a 60-day deadline for Plaintiff to oppose the summary judgment motion.  (*Id.* at 2.)

On May 16, 2016, well after the expiration of 60 days, Plaintiff filed a motion requesting leave to amend his complaint to add state law claims and to revise his pleadings regarding his supervisory liability claim against Defendant Ross.  (ECF No. 69.)  Plaintiff, however, did not file an amended complaint, nor did Plaintiff respond to the summary judgment motion.

During a telephonic hearing on July 8, 2016, Plaintiff represented that he did not oppose summary judgment on his claim against Defendant Ross based on the failure to train, but wished to amend his complaint to assert an alternative claim.  (See ECF No. 92 at 2.)  Defendant Ross agreed to remain a party to the litigation because Plaintiff expressed his intent to amend the complaint to assert a different claim against Defendant Ross.

On July 11, 2016, the Court ordered Plaintiff to file a proposed amended complaint on or before July 29, 2016.  (ECF No. 92 at 3.)  Additionally, the Court issued a scheduling order.  (*Id.* at 4 – 5.)  The schedule established a deadline for amendment of the pleadings of July 29, 2016, and a discovery deadline of October 21, 2016.  (*Id.*)

---

[2] The Court so limited the discovery "[g]iven the scope of the claim … identified in the Recommended Decision on Motion to Dismiss of Defendant Troy Ross," which concerned only "the extent of the training Defendant Ross provided to Defendant Gowen." (*Id.* at 1.)

On that same date, I recommended the Court grant Defendant Ross's motion for summary judgment. (Recommended Decision, ECF No. 94.) In the recommended decision, I concluded the record established: (1) that Defendant Ross was not responsible for the training of corrections officers, (2) that training on the proper use of force is provided by the Department of Corrections' Director of Training as part of the training administered at the Maine Criminal Justice Academy, and (3) that Defendant Gowen successfully completed the eight hours of instruction on the use of excessive force before the alleged incident. (Recommended Decision at 2, citing Defendant's Statement of Material Facts, ¶¶ 1 – 4, ECF No. 39.)

Plaintiff did not file an amended complaint on or before July 29, 2016. Instead, on July 29, 2016, the Court docketed Plaintiff's objection to the recommended decision on the summary judgment motion. (ECF No. 95.) On August 10, 2016, the Court affirmed the recommended decision over Plaintiff's objection. (ECF No. 97.)

Although Plaintiff did not file a motion to amend before July 29 as ordered, based on several subsequent pleadings, the Court extended the deadline for the amendment of pleadings to November 21, 2016. (ECF No. 126.) On November 29 and November 30, 2016, the Court docketed Plaintiff's amended complaint executed November 20 and stamped by the Post Office on November 22, 2016, and Plaintiff's motion to amend dated November 21 and stamped on November 28. (ECF No. 129, 131.)

### BACKGROUND FACTS

Through his motion to amend, Plaintiff seeks to join the Maine Department of Corrections as a party defendant, amend his allegations against Defendant Ross, and add

4

certain state law claims.³  The facts set forth herein are as alleged in Plaintiff's proposed amended complaint.

Plaintiff is currently incarcerated at the Maine Correctional Center.  At the time Defendant Gowen allegedly assaulted Plaintiff, Plaintiff was assigned to the Special Management Unit at the Maine State Prison.  According to Plaintiff, on June 28, 2014, Defendant Gowen, a corrections officer, slammed the steel hatch of the tray slot on Plaintiff's cell door into Plaintiff's hand, causing significant injury.  (Proposed Am. Compl. ¶¶ 26 – 28, ECF No. 129.)  Plaintiff asserts that after the incident, several officers told him that they had watched a video of the incident and that they were shocked by how "enraged" Officer Gowen was.  (*Id.* ¶ 35.)

After concluding an investigation, Defendant Ross (then Deputy Warden at the Maine State Prison) and various officials within the Department of Corrections stated that the incident was not captured on camera.  (*Id.* ¶ 37.)  Plaintiff asserts Defendant Ross and others "have conspired to deprive Plaintiff of video evidence that depicts him being assaulted."  (*Id.* ¶ 38; *see also id.* ¶ 52.)

Plaintiff also alleges that the Department and Defendant Ross were "sufficiently informed of a series of incidents constituting dereliction or neglect of duties resulting in a pattern of mistreatment of inmates and [similar] behavior … by correctional staff at MSP,"

---

³ The gravamen of Plaintiff's action is an excessive force claim, under 42 U.S.C. § 1983, against Defendant Gowen.  While the proposed amended complaint includes modified excessive force allegations, the amended complaint does not differ materially from the original complaint regarding the excessive force claim, and Defendants have not cited the excessive force allegations as a basis for any objection.  Accordingly, this Recommended Decision will not address the excessive force claim further.

(*id.* ¶ 40),[4] such that they have "failed to exercise adequate supervision over subordinates and failed to take steps to regulate and control the discretion of subordinate officers …" and "failed to provide or enforce lawful and proper guidelines and procedures to assist subordinates to engage in only lawful acts." (*Id.* ¶ 41; *see also id.* ¶ 49.) Plaintiff further alleges that Defendant Ross has "failed to act on multiple reports that certain guards were abusing prisoners, which resulted in weakened protective measures and routine constitutional violations." (*Id.* ¶ 42.) Plaintiff does not allege any prior incidents involving Defendant Gowen.

Plaintiff asserts that "incidents where a prisoner refuses to close his tray slot … occur very frequently and typically result in no use of force" because "most times … officers will ignore such behavior by prisoners." (*Id.* ¶ 43.) Citing Defendant Gowen's conduct, Plaintiff alleges that Defendant Ross was negligent in the supervision of Defendant Gowen, and "completely failed to train or instruct Gowen." (*Id.* ¶¶ 45 – 46.)

Plaintiff also asserts that after the incident Defendant Ross "engaged prison staff [to] invoke the code of silence …, including fabricating and falsifying documents and testimony." (*Id.* ¶ 47.) He further alleges that the wrongful conduct of Defendants Gowen and Ross has been "authorized and ratified" by the Department of Corrections. (*Id.* ¶ 48.)

Based on his amended allegations, Plaintiff asserts the following causes of action in the proposed amended complaint:

---

[4] Plaintiff more specifically asserts that prior to the incident, Plaintiff and others notified the Department and Defendant Ross of mistreatment by guards. (*Id.* ¶¶ 54 – 55.) Plaintiff also witnessed incidents involving a sergeant (not a party) who engaged in unreasonable and abusive conduct. (*Id.* ¶¶ 56 – 57.)

Count I (§ 1983):  a claim against (a) Defendant Gowen for excessive force; (b) Defendant Ross for deliberate indifference; and (c) the Department and Defendant Ross for approving or ratifying Defendant Gowen's conduct.

Count II (§ 1985):  a claim against Defendant Ross for conspiring to deprive Plaintiff of his federal rights.

Count III (state law):  claims against Defendant Gowen for assault and battery and intentional infliction of emotional distress.

Count IV (state law):  a claim against Defendant Gowen for negligent infliction of emotional distress.

Count V (state law):  a claim against the Department and Defendant Ross for negligent supervision and vicarious liability.

## STANDARD OF REVIEW

Rule 15(a)(1) of the Federal Rules of Civil Procedure permits a litigant to amend a pleading "once as a matter of course," subject to certain time constraints.  Thereafter, leave of court is required, though leave should be granted "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis,* 371 U.S. 178, 182 (1962).  Because Plaintiff's motion to amend was filed after Defendant filed a responsive pleading, Plaintiff must obtain leave of court to further amend his pleading.  To the extent a court determines a claim advanced by means of a motion to amend would be futile because the facts fail to state a claim for which relief may be granted, the court can deny the motion.  *Chiang v. Skeirik*, 582 F.3d 238, 244 (1st Cir. 2009).  In order to state a claim, a plaintiff must establish that the allegations raise a plausible basis for a fact finder to conclude that the

7

defendant is legally responsible for the claim(s) at issue. *Blanco v. Bath Iron Works Corp.*, 802 F. Supp. 2d 215, 221 (D. Me. 2011).[5]

## DISCUSSION

Defendant Ross argues that several of Plaintiff's proposed claims are futile. (Response in Opposition, ECF No. 136.) Defendant Ross does not oppose Plaintiff's request to add certain state law claims against Defendant Gowen. Defendant Gowen did not file an opposition to the motion to amend.

### A.  Count I – Plaintiff's § 1983 deliberate indifference and approval/ratification theories

To the extent Plaintiff references or asserts a claim based on the failure of Defendant Ross to train Defendant Gowen properly, the summary judgment record and the summary judgment entered against Plaintiff foreclose Plaintiff from reasserting the claim.[6] In

---

[5] Because Plaintiff is a pro se litigant, his complaint is subject to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520 (1972).

[6] The Court's entry of summary judgment on the failure to train claim is a non-final, interlocutory order. As "'law of the case' … it is controlling in subsequent proceedings in the same case, but has no preclusive effect on collateral claims." *Dempsey v. Nat'l Enquirer*, 702 F. Supp. 927, 929 (D. Me. 1988) (citing *Lacy v. Gardino*, 791 F.2d 980, 984 – 85 (1st Cir. 1986)). Nevertheless, interlocutory orders "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *see Latin Am. Music Co. Inc. v. Media Power Grp., Inc.*, 705 F.3d 34, 40 (1st Cir. 2013) (holding that trial court's decision to revive an issue decided at summary judgment was not an abuse of discretion). Here, Plaintiff conceded Defendant Ross's motion for summary judgment on the claim based on a failure to train during a telephonic conference convened to determine whether Plaintiff could set forth a discovery plan that would warrant deferral of Defendant Ross's motion for summary judgment, pursuant to Rule 56(d). Prior to the conference, the Court ordered the production of certain discovery and afforded Plaintiff the opportunity to provide a Rule 56(d) proffer in writing. Plaintiff's amended complaint does not suggest that he has any facts to support a claim based on the failure to train, nor a discovery plan that would justify reconsideration of the summary judgment entered against Plaintiff. Indeed, Plaintiff's current attempt to impose liability on Defendant Ross based on other incidents in which an officer has applied force against a prisoner would require the Court to permit discovery on and to assess the need for the use of force in each other incident in order to determine whether there exists a custom or practice of applying force "maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6 – 7 (1992). Such a proposal would be unreasonable given the nature of the claim (i.e., closing the hatch of a tray slot on Plaintiff's hand).

essence, Plaintiff alleges that Defendant Ross violated Plaintiff's constitutional rights because every incident involving harm against an inmate, when considered in the aggregate, placed Defendant Ross on notice of the need to reformulate prison policy regarding the treatment of inmates, and that Ross's failure to do so constitutes deliberate indifference to every prisoner's welfare.[7]

Under the federal civil rights act, 42 U.S.C. § 1983, a supervisory official may be liable for the behavior of a subordinate if (1) the behavior of the subordinate results in a constitutional violation, and (2) the supervisory official's action or inaction was affirmatively linked to the behavior. *Estate of Bennett v. Wainwright*, 548 F.3d 155, 176 – 77 (1st Cir. 2008). An affirmative link can be shown through supervisory encouragement, condonation or acquiescence, or by gross negligence amounting to deliberate indifference. *Id.* The applicable standard "contemplates proof that the supervisor's conduct led inexorably to the constitutional violation." *Pineda v. Toomey*, 533 F.3d 50, 54 (1st Cir. 2008) (quoting *Hegarty v. Somerset Cnty.,* 53 F.3d 1367, 1380 (1st Cir. 1995)).

---

[7] Plaintiff's alternative ratification allegation is entirely conclusory. While a person or entity with final policymaking authority can be subject to liability when it ratifies the conduct of a lower-level employee who lacks policymaking authority, *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988), Plaintiff does not allege any facts that could support an inference that Defendant Ross condoned or approved of Defendant Gowen's conduct. Moreover, as Plaintiff acknowledges in his pleading, Defendant Gowen's conduct was the subject of an investigation and, according to Plaintiff, the conduct was regarded as aberrant by other officers and the Department generally. (Proposed Am. Compl. ¶¶ 32, 35, 36, 43; Merrill Investigation Report, ECF No. 113-1.) Based on the facts alleged, Plaintiff has not stated a plausible claim that post-hoc ratification occurred, or that Defendant Ross was responsible for a policy, custom, or practice that was the moving force behind Defendant Gowen's conduct, particularly as there is no suggestion in the pleadings that the actual use of force policy would authorize the conduct attributed to Officer Gowen.

In his proposed amended complaint, Plaintiff has simply made general and conclusory allegations regarding Defendant Ross's prior knowledge about a "series of incidents" involving the "mistreatment of inmates" by "correctional staff." (Proposed Am. Compl. ¶ 40.) Significantly, he has not alleged any notice of prior conduct by Defendant Gowen of which Defendant Ross was aware. Just as importantly, Plaintiff has not alleged any facts that would support the necessary affirmative link between any action or inaction of Defendant Ross and the incident involving Plaintiff and Defendant Gowen. Plaintiff's alleged deliberate indifference claim against Defendant Ross thus would be futile.[8]

To the extent Plaintiff proposes a claim against the Department, the Eleventh Amendment of the United States Constitution precludes Plaintiff's civil rights claims from proceeding in this Court against the Department. *Town of Barnstable v. O'Connor*, 786 F.3d 130, 138 (1st Cir. 2015). Accordingly, the proposed claim against the Department also would be futile.

## B.      Count II – Plaintiff's § 1985 claim against Defendant Ross

Plaintiff alleges that Defendant Ross conspired to violate Plaintiff's rights. Simply stated, Plaintiff's allegation of a conspiracy is entirely conclusory. Plaintiff asserts no facts that would support a finding that Defendant Ross conspired with any other person to

---

[8] With respect to the claim against Defendant Ross, to the extent he is sued in his official capacity, the Court's authority to provide relief is limited to injunctive or declaratory relief. *Town of Barnstable v. O'Connor*, 786 F.3d 130, 138 (1st Cir. 2015) (citing *Ex parte Young*, 209 U.S. 123, 159 – 60 (1908)); *Vaqueria Tres Monjitas, Inc. v. Irizarry*, 587 F.3d 464, 478 (1st Cir. 2009). In his plea for relief, Plaintiff requests a declaratory judgment that polices and customs are unconstitutional. Conceivably, such a request could come within the *Ex parte Young* exception to the Eleventh Amendment bar. However, to obtain declaratory relief related to a policy or custom, Plaintiff must first allege a plausible policy or custom claim. He has failed to do so.

arrange for Defendant Gowen to assault Plaintiff or to otherwise deprive Plaintiff of a constitutional protection.  Moreover, a claim under 42 U.S.C. § 1985 is actionable only under circumstances involving an equal protection violation, i.e., circumstances involving discriminatory class-based animus.  *Andrade v. Jamestown Hous. Auth.*, 82 F.3d 1179, 1192 (1st Cir. 1996).  Plaintiff's amended pleading does not assert any such circumstances.[9]  Plaintiff's conspiracy claim, therefore, would be futile.

### C.   Count III – Plaintiff's claims against Defendant Gowen for assault and battery and intentional infliction of emotional distress

Plaintiff's request to amend his pleading to assert state law claims against Defendant Gowen is unopposed.

### D.   Count IV – Plaintiff's claim against Defendant Gowen for negligent infliction of emotional distress

Plaintiff's request to amend the complaint to assert a negligent infliction of emotional distress claim is similarly unopposed.  However, the Maine Supreme Judicial Court has held that a claim for negligent infliction of emotional distress is appropriately dismissed in the context of a state law claim of excessive force (assault and battery) because the emotional distress remedy "is subsumed in [the] excessive force [or assault and battery] claim."  *Richards v. Town of Eliot,* 2001 ME 132, ¶ 34, 780 A.2d 281, 293; *see also McDermott v. Town of Windham,* 204 F. Supp. 2d 54, 71 (D. Me. 2002).  Plaintiff's proposed negligent infliction of emotional distress claim is thus futile.

---

[9] Plaintiff evidently seeks to assert a conspiracy claim based on the failure of Defendant Ross or the Department of Corrections to produce video evidence of the assault.  There does not appear to be any authority for the proposition that a federal claim exists under § 1985 based on an alleged conspiracy involving spoliation of evidence.

### E. Count V – Plaintiff's claim against the Department and Defendant Ross for negligent supervision and vicarious liability.

Plaintiff alleges that the Department and Defendant Ross are vicariously liable on Plaintiff's assault and battery claim and intentional infliction of emotional distress claim. To the extent Plaintiff proposes that the claim proceed against the Department, the Eleventh Amendment of the United States Constitution precludes Plaintiff's attempt to join the Department in an action in this Court. *O'Connor*, 786 F.3d 130, 138 (1st Cir. 2015). Additionally, Plaintiff cannot proceed with a state law claim against Defendant Ross in his official capacity, regardless of the relief requested. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984) ("[I]t is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law. Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment.").

Finally, to the extent proposed Count V is asserted against Defendant Ross in his personal capacity, although a custodial relationship will give rise to a duty to protect another, given the uncontested summary judgment record that establishes Defendant Gowen received use of force training and that Defendant Ross, in any event, was not in charge of officer training at the Maine State Prison, Plaintiff has failed to allege a plausible factual basis that would support a finding that Defendant Ross breached a state law duty he owed to Plaintiff in connection with Defendant Gowen's alleged assault. *Dragomir v. Spring Harbor Hosp.*, 2009 ME 51, ¶ 23, 970 A.2d 310, 317 ("[N]egligent supervision [is] a claim that necessarily requires [defendant] to have foreseen the need to control its

employee."). Accordingly, Plaintiff's proposed negligent supervision and vicarious liability claims would be futile.

## CONCLUSION

Based on the foregoing analysis, I recommend that the Court grant in part and deny in part Plaintiff's Motion to Amend. (ECF No. 131.) In particular, I recommend the Court:

1. Deny the request to amend to add the § 1983 deliberate indifference and approval/ratification claims asserted in Count I of the proposed amended complaint;

2. Deny the request to amend to add the § 1985 conspiracy claim asserted in Count II of the proposed amended complaint;

3. Deny the request to amend to add the negligent infliction of emotional distress claim asserted in Count IV of the proposed amended complaint;

4. Deny the request to amend to add the negligent supervision / vicarious liability claim asserted in Count V of the proposed amended complaint;

5. Deny the request to amend to add Defendant Ross and the Department of Corrections as parties; and

6. Otherwise, grant the motion to amend. [10]

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen

---

[10] As amended, Plaintiff's action presents for trial a § 1983 excessive force claim against Defendant Gowen (Count I) and state law assault and battery and intentional infliction of emotional distress claims against Defendant Gowen (Count III).

(14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 21st day of March, 2017.