# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | | |
|---|---|---|
| NICHOLAS A. GLADU, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil No. 2:15-cv-274-DBH |
| | ) | |
| TROY ROSS and CHRISTOPHER GOWEN, | ) | |
| | ) | |
| Defendants | ) | |

## ORDER AFFIRMING RECOMMENDED DECISION OF THE MAGISTRATE JUDGE

On March 21, 2017, the United States Magistrate Judge filed with the court, with copies to the parties, his Recommended Decision on Motion to Amend (ECF No. 142). The plaintiff filed an objection (ECF No. 143) to the Recommended Decision on April 10, 2017. I have reviewed and considered the Recommended Decision, together with the entire record; I have made a *de novo* determination of all matters adjudicated by the Recommended Decision; and I concur with the recommendations of the United States Magistrate Judge for the reasons set forth in the Recommended Decision, as amended or clarified below, and determine that no further proceeding is necessary.

In his objection, the plaintiff explicitly waived objection to the Recommended Decision on Counts I, III and IV of the proposed First Amended Complaint.

In his proposed First Amended Complaint, the plaintiff pleaded Count II as follows:

SECOND CAUSE OF ACTION
Violation of 42 U.S.C. Section 1985 and Conspiracy

> 64. Plaintiff repeats and incorporates by reference Paragraphs 1 through 57 of this Complaint as though fully set forth herein.
> 65. Defendant Ross, unlawfully conspired to deprive Plaintiff of Constitutional rights, statutory rights, and personal freedoms by conspiring to engage in the acts herein alleged.
> 66. As a proximate result of Defendant's conspiracy, Plaintiff has incurred financial losses and suffered severe emotional distress.
> 67. In performing the act herein alleged, Defendant Ross acted fraudulently, maliciously, and oppressively, within the scope and meaning of 42 U.S.C. § 1985 and common law rights, thereby justifying an award of damages in an amount according to proof.

First Am. Compl. (ECF No. 129) at 9.

Not surprisingly, the Magistrate Judge treated this as a general section 1985 conspiracy claim and reasoned that such a claim "is actionable only under circumstances involving an equal protection violation, *i.e.*, circumstances involving discriminatory class-based animus," Recommended Decision at 11, (citing Andrade v. Jamestown Hous. Auth., 82 F.3d 1179, 1192 (1st Cir. 1996). This plaintiff did not allege any such discriminatory circumstances, and the Magistrate Judge was correct so far as section 1985(3) is concerned. I therefore **OVERRULE** the plaintiff's objection based on section 1985(3) (and on his newly asserted section 1983 conspiracy claim in this Count, a claim that did not even appear in the proposed First Amended Complaint).

But the plaintiff points out that an equal protection violation is *not* required for a conspiracy charged under 42 U.S.C. § 1985(2), *i.e.*, a conspiracy, in the words of that statute, "to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from

2

testifying to any matter pending therein, freely, fully, and truthfully . . . ." See Kush v. Rutledge, 460 U.S. 719, 726 (1983). In fact, the plaintiff's Count II as quoted above does not allege any of these elements either. I have nevertheless examined all the factual allegations of the proposed First Amended Complaint in search for support of this claim, and I find only the following assertions of relevance:

> 36. Following an initial investigation by MDOC [prior to Plaintiff taking any legal action] it was confirmed that video evidence was reviewed and concluded that Officer Gowen's use of force was not justified nor an approved Departmental technique. Moreover, Plaintiff's claim was deemed "substantiated."
> 37. After initiating legal action, MDOC apparently re-investigated the matter. Those findings now dispute [the numerous claims] that video recording of the incident existed and attempt to minimize any wrong-doing by Defendant Gowen.
> 38. Upon information and belief, Defendant Troy Ross and other prison staff have conspired to deprive Plaintiff of video evidence that depicts him being assaulted by an out of control and enraged corrections officer, without need or provocation.
> 39. Upon information and belief, Defendant Ross engaged in a voluntary agreement to further overt acts with other prison staff, expressly or impliedly, which consisted of the destruction and concealment of video recorded evidence that would shock the conscience of the public if leaked or released, by revealing exactly what occurred during the incident that gives rise to this Complaint.
> 
> . . . .
> 
> 47. Upon information and belief, Defendant Ross has engaged prison staff who are witness to the allegations here, personally and through third-party, and expressly or impliedly, suggested that they invoke the code of silence in regards to the issues alleged above, including fabricating and falsifying documents and testimony.
> 
> . . . .
> 
> 52. Defendant Ross swore out an affidavit, alleging No video evidence existed then or now. Said affidavit alleged the video that would have captured the assault, was not connected to recording devices.

First Am. Compl. at 4-7.

None of these allegations asserts that the defendant Ross deterred or conspired to deter any party or witness from attending or testifying in federal court by means of "force, intimidation, or threat." See Haddle v. Garrison, 525 U.S. 121, 125 & n.3 (1998) ("The gist of the wrong at which § 1985(2) is directed is . . . intimidation or retaliation against witnesses in federal-court proceedings," while expressing "no opinion" on whether intimidation must involve "force or threat of force.") Here the plaintiff asserts no intimidation of any kind. I have found no cases where asserted spoliation of evidence (the gist of the allegation about the video here) has been presented as a section 1985(2) violation. As a result, I agree with the Magistrate Judge that Count II cannot proceed, albeit for the foregoing modified reasoning.

It is therefore **ORDERED** that the Recommended Decision of the Magistrate Judge is hereby **ADOPTED**. The plaintiff's motion to amend his complaint is **GRANTED IN PART AND DENIED IN PART** as follows:

1. The request to amend to add the § 1983 deliberate indifference and approval/ratification claims asserted in Count I of the proposed amended complaint is **DENIED**.

2. The request to amend to add the § 1985 conspiracy claim asserted in Count II of the proposed amended complaint is **DENIED**.

3. The request to amend to add the negligent infliction of emotional distress claim asserted in Count IV of the proposed amended complaint is **DENIED**.

4. The request to amend to add the negligent supervision/vicarious liability claim asserted in Count V of the proposed amended complaint is **DENIED**.

5. The request to amend to add Ross and the Department of Corrections as defendants is **DENIED**.

6. Otherwise, the motion to amend the complaint is **GRANTED**.

**SO ORDERED.**

**DATED THIS 19TH DAY OF APRIL, 2017**

/s/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**