UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| NICHOLAS A. GLADU )<br>)<br>)<br>  Plaintiff )<br>v. ) Civil No.2:15-CV-00274-DBH<br>)<br>CHRISTOPHER GOWEN )<br>)<br>  Defendant )<br>) | |

**PRETRIAL MEMORANDUM OF DEFENDANT CHRISTOPHER GOWEN**

The Defendant Christopher Gowen, by and through undersigned counsel, submits the following as his Pretrial Memorandum pursuant to Local Rule 16.4(b).

**1. Factual Statement**

The incident that gives rise to this lawsuit occurred on or about June 28, 2015 at the Maine State Prison in Warren, Maine. On that date the Defendant Christopher Gowen ("Gowen") was employed as a Corrections Officer at the Maine State Prison. Also on that date the Plaintiff Nicholas Gladu ("Gladu") was a prisoner at the Maine State Prison. Upon information and belief, Gladu is serving a substantial prison term. Gladu was at the time of the incident housed in the Special Management Unit ("SMU") of the prison.

Gowen had been employed at the prison since approximately September of 2013, but had never been assigned on a regular basis to the SMU. He had received no training with regard to the SMU and was provided no information about policy or procedures at the SMU on the date he was assigned to work there. He was aware that prison rules prohibit inmates from covering up the windows to their cells, because that prohibits the guards from observing what is happening inside the cell. Gowen was never advised that any SMU prisoner was allowed to cover the

window to his cell. As Gowen was doing a round of observing prisoners in their cells he came to Gladu's cell, which had its window covered completely with paper. Gowen banged on the door telling the prisoner to remove the obstruction. Gladu responded by tearing down the paper and screaming "Don't you ever fucking pound on my door again."

Later in the shift Gowen was instructed to pass out paper and writing utensils to prisoners. Gowen has the key to open the food trays to the cells, through which the paper and writing utensils were delivered. The tray slot is actually like a small door that opens down from the door and creates a shelf. To close it, the tray is pushed upward to become flush with the door and then relocked. When he got to Gladu's cell the prisoner put his right hand out through the tray slot and would not pull it back inside the cell when ordered by Gowen to do so. Each time Gowen would tell Gladu to pull his hand back in Gladu would respond by saying something like "What the fuck are you going to do about it?" Gowen pushed the tray up, Gladu's hand slid down and the door was locked. There was nothing jamming the door and Gladu was not yelling/screaming because his hand had been closed in the door.

Gladu's complaint alleges that Gowen intentionally closed his right hand in the door and slammed it shut more than once, injuring his hand. The door is a heavy metal door that would cause severe injury to a hand if slammed several times. Gladu seeks compensatory and punitive damages.

## 2.  Statement of Controverted Points of Law

a.  Whether the defendant Gowen used excessive force is the major issue in the case. Plaintiff contends the force was unnecessary and excessive while Defendant contends he did not intentionally shut the Plaintiff's hand in the door.

b. Defendant Gowen asserts that Plaintiff's action for emotional distress is barred by the Prison Litigation Reform Act, 42 USC §1997e (e) which provides: "No Federal action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Courts interpreting this statute have held that an injury must be more than de minimis to allow a cause of action. Plaintiff suffered no injury of any significance at all.

c. The actions of Defendant Gowen on June 28, 2014 were not "motivated by evil motive or intent" and did not involve "reckless or callous indifference" to Plaintiff's constitutionally protected rights, state or federal, to entitle Plaintiff to the recovery of punitive damages.

### 3. Stipulations

a. On December 24, 2012, the Plaintiff Nicholas Gladu was a prisoner at the Maine State Prison in Warren, Maine serving a substantial sentence for one or more felony offenses.

b. On June 28, 2014, Defendant Gowen was a correctional officer at the Maine State Prison and assigned to the Special Management Unit, an area in which he had little to no prior experience. Gowen was not given any instructions about any special rules within the unit.

c. The Maine State Prison has adopted policies related to the use of force by staff, expected prisoner behavior and also prisoner discipline.

d. The Maine State Prison maintains medical records of the prisoners housed at the prison.

e. Plaintiff Nicholas Gladu did not sustain a severe injury as a result of his encounter with Gowen.

### 4. Witnesses for Trial

a. Christopher Gowen

    b. Nicholas Gladu

    c. Custodian of Records, Reports and Policies at Maine State Prison

    d. Custodian of Medical Records of Plaintiff at Maine State Prison

    e. Any witness identified by Plaintiff

    f. Defendant reserves the right to identify additional witnesses upon prompt notice to the Court and counsel.

### 5. Documents for Trial

    a. Copy of Department of Corrections Policy regarding use of force.

    b. Copy of Department of Corrections Policy regarding prisoner discipline.

    c. Medical records of Plaintiff maintained at Maine State Prison.

    d. Any record pertaining to a written complaint or grievance filed by Plaintiff against Defendant at Maine State Prison as well as responses to that grievance.

    e. Defendant reserves the right to identify additional documents upon prompt notice to the court and counsel.

Dated this 5th day of June 2017            /s/ Martin J. Ridge, Esq.
                                                             Martin J. Ridge, Bar No.1422

Beagle Steeves & Ridge, LLC
10 Moulton Street
P.O. Box 7044
Portland, ME 04112-7044
(207) 773-1751
mjr@beagleridge.com
Attorneys for Defendant Christopher Gowen

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| NICHOLAS A. GLADU )<br>)<br>)<br>Plaintiff )<br>v. )<br>)<br>CHRISTOPHER GOWEN )<br>)<br>Defendant )<br>) | Civil No. 2:15-CV-00274-DBH |

CERTIFICATION OF SERVICE

5

I hereby certify that on June 5, 2017, a true copy of *Defendant Christopher Gowen's Pretrial Memorandum* was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). A copy of the memorandum was mailed to Plaintiff Gladu at the following address:

Nicholas Cladu
Maine Correctional Center
17 Mallison Falls Road
Windham, Maine 04062

Dated:  June 5, 2017					By:	/s/Martin J. Ridge
							Martin J. Ridge, Esq.
							Maine Bar No. 1422

Beagle Steeves & Ridge, LLC
10 Moulton Street
P.O. Box 7044
Portland, ME 04112-7044
(207) 773-1751
mjr@beagleridge.com
Attorneys for Defendant Christopher Gowen